SANDERS, Janet L., J.
In this putative class action, plaintiff Debra Clark asserts claims against First Resolution Investment Corp. (FRIC) for unfair and deceptive debt collection practices. Specifically, Clark alleges that FRIC engaged in debt collection activity without obtaining a license as required by the Massachusetts Debt Collection Law, G.L.c. 93, §§24-28, and without filing a certificate of registration with the Secretary of the Commonwealth as required by G.L.c. 156D, §15.03. FRIC now moves to dismiss the First Amended Complaint (the Complaint) pursuant to Mass.R.Civ.P. 12(b)(6), arguing that Clark’s claims are *237 time barred. This Court concludes that FRIC’s Motion must be Denied.
BACKGROUND
The Complaint alleges the following.
In January 2011, FRIC sued Clark in the Quincy District Court, seeking judgment on a defaulted consumer debt it had purchased from Washington Mutual Bank. Clark did not defend the action and FRIC obtained a default judgment in the amount of $3,936.86 in January 2012. FRIC filed a supplementary process action against Clark three months later in April 2012, and aDistrict Court judge ordered Clark to make monthly payments towards the January 2012 judgment. Clark subsequently made several payments pursuant to the court’s order.
In September 2012, FRIC commenced a new civil action against Clark in the Quincy District Court seeking an attachment of Clark’s wages. The court allowed FRIC’s motion to attach, but FRIC voluntarily dismissed the action before the wage attachment went into effect. Almost two years later, in March 2014, FRIC again sought attachment of Clark’s wages in another District Court action. In order to avoid having her wages attached, Clark entered into an agreement with FRIC which called for her to make regular payments towards the 2012 judgment; in return, FRIC dismissed this new suit. Clark has made at least one payment pursuant to that agreement.
On April 7, 2015, Clark brought the present action, individually and on behalf of a purported class, against FRIC and First Resolution Management Corporation asserting claims for declaratoiy and injunc-tive relief (Counts I and II), unjust enrichment (Count III), and violation of G.L.c. 93A (Count IV). Clark alleges that FRIC repeatedly attempted to collect defaulted consumer debts from Massachusetts consumers through letters, lawsuits, and the pursuit of a variely of post judgment remedies, including supplementary process actions, motions for attachment or garnishment of wages, and the recording of executions against homes. Clark asserts that these activities violate the Massachusetts Debt Collection Law (DCL), G.L.c. 93, §§24-28, because FRIC was acting as a “debt collector” as defined by G.L.c. 93, §24 without first obtaining a license from the Division of Banks. Clark further asserts that FRIC’s prosecution of collection lawsuits and its pursuit of postjudgment remedies violate G.L.c. 156D, §§15.02 and 15.03 because FRIC, a foreign corporation, failed to first file a certificate of registration with the Secretary of the Commonwealth.
DISCUSSION
FRIC contends that Clark’s claims are time barred. Specifically, it asserts that the Chapter 93A claim accrued no later than January 2011 when FRIC filed the original collection action against her. A four-year statute of limitations applies to such claims. See G.L.c. 260, §5A. As to Clark’s claim for unjust enrichment, FRIC argues that that too is time barred because the claim accrued no later than January 2012, the date upon which FRIC obtained a default judgment against Clark. A three-year statute of limitations applies to claims for unjust enrichment. See G.L.c. 260, §2A. Finally, FRIC asserts that, if the Chapter 93A and unjust enrichment claims are time-barred, she likewise cannot seek declaratory and injunctive relief. This Court concludes that the claims are timely.
Clark’s Chapter 93A claim is not time barred because it is based not simply on the filing of the initial lawsuit but on FRIC’s filing of a supplementary process action in April 2012, separate civil actions in September 2012 and March 2014 seeking attachment of her wages, and the parties’ 2014 payment agreement. As alleged in the Complaint, these actions represent separate and distinct violations of Chapter 93A because they were undertaken without a license and/or the filing of a certificate of registration. Each of these actions occurred within the four-year statute of limitations period.
FRIC nevertheless contends that, for statute of limitation purposes, these actions cannot constitute 93A violations separate and distinct from its filing of the 2011 collection lawsuit. In support of this position, it primarily relies on three cases interpreting the federal Fair Debt Collection Practices Act (FDCPA), the statute upon which the DCL was modeled. In each of those cases, the court concluded that the plaintiffs FDCPA claim accrued when the original collection lawsuit was filed or served. Ruth v. Unifund CCR Partners, 2009 U.S. Dist. LEXIS 17632 (N.D. Ohio Mar. 6, 2009); Calka v. Kucher, Kraus & Bruh, LLP, 1998 U.S. Dist. LEXIS 11868 (S.D.N.Y Aug. 3, 1998); Prowell v. CamCredits, Inc., 2015 U.S. Dist. LEXIS 61744 (D.Or. May 12, 2015). Those cases are factually distinguishable from the instant one, however.
In those cases, the plaintiff had asserted that the defendant had violated the FDCPA by either misrepresenting its legal capacity to sue the plaintiff {Ruth) or misrepresenting the amount that the plaintiff owed (Calka and Prowell]. Plaintiff argued that the defendant’s actions within the original collection lawsuit (e.g., the filing of proof of service or a motion for summary judgment) constituted separate actionable misrepresentations in addition to the filing of the lawsuit, or alternatively were part of a continuing violation. Each court rejected this argument, reasoning that the defendant’s performance of common litigation tasks in connection with prosecuting the collection action was merely an extension of and not materially different from the misrepresentation allegedly made when it filed the collection lawsuit. The instant case, in contrast, involves actions taken after the initial collection action concluded. The supplementary process action in April 2012, the September 2012 and March 2014 lawsuits seeking the attachment of Clark’s wages, and the parties’ 2014 payment *238 agreement cannot be considered part of the 2011 lawsuit, and cannot be compared to the common litigation tasks occurring in the course of a lawsuit which were at the heart of the cases FRIC cites.
FRIC fares no better with respect to its argument concerning the unjust enrichment claim. Unjust enrichment occurs when “a benefit [is] conferred upon the defendant by the plaintiff.” See Stevens v. Thacker, 550 F.Sup.2d 161, 162-65 (D.Mass. 2008) (emphasis added); see also 12 Williston on Contracts §1479 (reciting elements of unjust enrichment claim). Such a claim thus cannot be said to “accrue” for statute of limitations purposes in January 2012 when FRIC obtained the default judgment against Clark. Although the default judgment gave FRIC a right to pursue Clark, this right was not a benefit conferred by Clark herself. Any benefit that FRIC received from Clark did not occur until she made the first payment to FRIC as a consequence of actions that FRIC took after obtaining that judgment. Clark did not make any payment to FRIC until after April 2012, when the supplementary process action was instituted. This lawsuit was commenced within three years of that date, within the applicable statute of limitations.
CONCLUSION AND ORDER
For the foregoing reasons, the defendant First Resolution Investment Corp.’s Motion to Dismiss is DENIED.